<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANN RICE, | Civil Action No. 19-21217 (SRC) |
| Plaintiff, |  |
|  | **OPINION** |
| v. |  |
| COMMISSIONER OF SOCIAL SECURITY, |  |
| Defendant. |  |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Ann Rice ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning February 20, 2016. A hearing was held before ALJ Donna A. Krappa (the "ALJ") on August 28, 2018, and the ALJ issued an unfavorable decision on December 11, 2018, finding that Plaintiff was not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of December 11, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform work at all exertional levels, with certain nonexertional limitations. At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on a number of grounds, but this Court need only reach a subset of arguments that succeed. These arguments concern the residual functional capacity ("RFC") determination at step four, and contend both that it is not supported by substantial evidence and contrary to Third Circuit law.

At step four, the ALJ arrived at the following RFC determination:

> After careful consideration of the entire record, I find that the claimant is capable of the exertional demands of work at all exertional levels as defined under the Regulations; as to the mental demands of work, I find that the claimant is able to perform jobs: that are simple and repetitive; that require only an occasional change in the work setting during the workday; and that require only occasional contact with supervisors, and co-workers.

(Tr. 17.) There is no dispute about the ALJ's RFC determination as to the absence of exertional limitations; the dispute here is entirely on the non-exertional limitations. Plaintiff first contends that the non-exertional elements are not supported by substantial evidence. In particular, Plaintiff challenges the determination that Plaintiff is able to perform jobs that are simple and

2

repetitive, requiring only an occasional change in the work setting during the workday. Plaintiff argues that the ALJ presents neither explanation nor evidence to support this element of the RFC.

Plaintiff is entirely correct: it is a simple fact that the ALJ presented neither explanation nor evidence to support that element of the RFC. The ALJ wrote nothing about Plaintiff's ability to perform simple and repetitive *jobs* at steps two or three. At step four, the ALJ discussed the medical evidence as to Plaintiff's treatment for depression, anxiety, and bipolar disorder. The ALJ cited no medical opinion that stated that Plaintiff had the ability to perform simple and repetitive *jobs*, nor any other evidence, or reasoning, to account for this nonexertional limitation. There is nothing in the ALJ's decision that explains or supports that determination. As the following discussion will explain, there is a big difference between being momentarily capable of following a simple instruction and being capable of performing full-time simple work.

The treatment of this issue in the Commissioner's opposition brief supports Plaintiff, not the Commissioner. The opposition brief fails to focus on the "simple and repetitive jobs" limitation, but summarizes the evidence and argues that it generally supports all the non-exertional limitations. (Def.'s Br. 19-21.) What is noteworthy is that the opposition brief presents a long, detailed list of all the evidence the Commissioner contends supports the RFC determination. (Id.) Not one item on that list states that Plaintiff has the ability to perform work that has the characteristics stated in the RFC formulation. Nor does the opposition brief even make an argument that the RFC determination is an obvious conclusion based on the cited evidence.

The closest that the opposition brief comes to even appearing to justify the ALJ's RFC determination is not close enough. The opposition brief cites the following evidence which has

3

at least a colorable relevance to being a statement about the ability to perform simple and repetitive jobs: 1) consultative examiner Dr. Kupferberg stated that Plaintiff was able to was able to comprehend and execute simple instructions; and 2) "State agency psychologists Drs. Golin and De Paz-Ortiz opined that, despite moderate limitations in the "paragraph B" criteria, Plaintiff could understand and remember adequately to perform simple, one-to-two-step work-like instructions/procedures; maintain attention and persist for up to a two-hour segment . . ." (Def.'s Br. 20.)[1]   The Court makes three observations: 1) the statement that a person can follow simple instructions is not equivalent to the statement that a person can perform full-time work as long as it is simple and repetitive and, at the very least, there needs to be some explanation for why one implies the other;[2] 2) while Dr. Kupferberg did indeed state that Plaintiff could comprehend and follow simple instructions, and that she executed a three-stage command, similar to what the ALJ stated, Dr. Kupferberg's conclusions are nothing close to saying that Plaintiff can work as long as the job is simple and repetitive (Tr. 458-460);[3] and 3) as to the opinions of Drs. Golin and De Paz-Ortiz, the Commissioner quotes findings which the ALJ did not cite; this is an unconvincing after-the-fact attempt to shore up the ALJ's reasoning by citing a two-hour persistence span. The bottom line is that the RFC determination is, as Plaintiff argues, not supported by substantial evidence, and the Commissioner has not shown otherwise.

---

[1] The ALJ did not cite all the findings that the opposition brief lists, but note that Drs. Golin and De Paz-Ortiz opined that Plaintiff had the capacity to maintain and persist for two hours.   Are there jobs available for someone who can persist for only two hours?
[2] The demands of being employed full-time at a simple job are of a different order of magnitude from the demand of performing one simple instruction.
[3] The Commissioner has cherry-picked these elements from an evaluation report that presents conclusions that do not support the ALJ's RFC determination.   (Tr. 460.)   The ALJ rejected the most negative, limiting aspects of the evaluator's functional assessment.   (Tr. 20.)

Plaintiff also makes a related argument that is part correct and part incorrect. Plaintiff's subheading for the argument states its essence: "The ALJ Found that Ms. Rice's Symptoms from her Bipolar Disorder resulted in a Specific Work Preclusive Functional Limitation. The ALJ Erred for not Including this Specific Work Preclusive Work Restriction in her RFC finding." (Pl.'s Br. 18-19.) Plaintiff points out that the ALJ twice stated findings that Plaintiff has a moderate limitation in the ability to maintain concentration, persistence, and pace ("CPP"), first on page 17 and then on page 21, where the ALJ stated that the agency reviewing physicians made that assessment and the ALJ gave their opinions significant weight. It is these findings that Plaintiff contends constitute a specific functional limitation. Plaintiff then builds on this point to argue that the RFC determination does not include these findings, but does so based on the proposition that the ALJ should have included them in the RFC by including a limitation that Plaintiff will be off-task two hours in each eight-hour day. While the 2-hour/8-hour proposition has no factual or legal support, Plaintiff is correct about the fundamental legal principle: Third Circuit law requires that the step five hypothetical, and the step four RFC on which the hypothetical is based, must "accurately convey all of [claimant's] impairments." Ramirez v. Barnhart, 372 F.3d 546, 552 (3d Cir. 2004).

Plaintiff's opening brief does not cite the recent key Third Circuit case that addresses this issue, but the Commissioner's opposition brief does so, citing Hess v. Comm'r Soc. Sec., 931 F.3d 198, 209 (3d Cir. 2019). The Commissioner cites Hess in opposition to Plaintiff's argument, contending that the law requires only that the ALJ give a valid explanation for the nonexertional limitations in the RFC determination, and that the ALJ did so.

This Court finds that the Commissioner is right on the law and wrong on the facts.

5

Indeed, Hess is very much on point.   In Hess, the Third Circuit held that "as long as the ALJ offers a valid explanation, a 'simple tasks' limitation is permitted after a finding that a claimant has 'moderate' difficulties in 'concentration, persistence, or pace.'"   931 F.3d at 211.   In the instant case, just as in Hess, the ALJ found moderate difficulties in concentration, persistence, and pace, and put a limitation to simple and repetitive jobs in the RFC, not exactly the same as in Hess but very close.   The Commissioner states correctly that, pursuant to Hess, this is permitted as long as the ALJ offers a valid explanation.   And it is at this point that the Commissioner's argument falls apart.   As already discussed, the ALJ gave no explanation whatever for the nonexertional limitations in the RFC, and the Commissioner's conclusory assertion that the ALJ did so has no support.   This provides a second ground for finding reversible error in the RFC determination: the ALJ's decision does not meet the requirements of Hess.

Lastly, the Court mentions briefly a number of arguments made by Plaintiff that follow the theme of the mismatch between the evidence of record, as described by the ALJ, and the RFC determination.   Plaintiff argues, in short, that the RFC determination does not adequately reflect the evidence of record about Plaintiff's psychiatric impairments and limitations.   This Court will not now reweigh the evidence, nor will it impose new factual determinations, because Third Circuit law forbids doing so, but merely offers the observation that Plaintiff's position appears to have some merit.   The evidence of record offers strong support for a big picture view that Plaintiff suffered a significant period of major psychiatric impairment, followed by some improvement.   Plaintiff points out that the relevant provision in the Social Security Act defines "disability" as follows: "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death

6

or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).   Plaintiff argues that her period of major psychiatric impairment meets the statutory definition such that a finding of a closed period of disability is justified, but that the ALJ did not address this issue.   The Commissioner disagrees.   This Court simply observes that perhaps Plaintiff has a point worth considering on remand.

For these reasons, this Court finds that the Commissioner's decision that Plaintiff is not disabled is not supported by substantial evidence and is contrary to Third Circuit law.   The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

Dated: December 29, 2020

                                                 s/ Stanley R. Chesler
                                                STANLEY R. CHESLER, U.S.D.J.